June 4, 2025

**MEMO ENDORSED**

Moore&VanAllen

**VIA ECF AND EMAIL**

Jacob Zambrzycki
Attorney at Law

704 331 1042
jacobzambrzycki@mvalaw.com

Moore & Van Allen PLLC

100 North Tryon Street
Suite 4700
Charlotte, NC 28202-4003

Hon. Katherine Polk Failla, District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   Motion for Leave to File Under Seal, *Netflix, Inc. v. Fortress Investment Group LLC et al*, Civil Action No. 1:25-mc-230

Dear Judge Failla:

Pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases, Respondents Fortress Investment Group LLC ("Fortress") and DivX CF Investors LLC ("DivX CF Investors") submit this letter requesting to (1) file under seal Exhibits 2-4 to the Declaration of Jacob Zambrzycki (the "Proposed Sealed Exhibits") and (2) file a redacted version of its Opposition to Movant Netflix, Inc.'s ("Netflix") Motion to Compel Production of Documents Pursuant to Subpoenas (the "Opposition").

Under Second Circuit precedent, courts weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). However, "[t]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Fairstein v. Netflix Inc.*, 2024 U.S. Dist. LEXIS 93867, at *3 (S.D.N.Y. May 21, 2024) (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). And the presumption of public access can be rebutted where the public disclosure of a company's confidential business information has the potential to cause competitive injury. *See Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 U.S. Dist. LEXIS 55907, at *5-6 (S.D.N.Y. Mar. 24, 2021) ("[A] valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *Sam Dyer & Smr Dyer Farms LLC, v. Agri-Mark, Inc.*, 2022 U.S. Dist. LEXIS 13838, at *6 (N.D.N.Y. Jan. 21, 2022) ("[C]onfidential business internal policies and procedures are appropriately sealed because the public disclosure of such policies has the potential to cause competitive injury.") (citation omitted)).

The Proposed Sealed Exhibits and redacted portions of the Opposition reference and/or substantively discuss documents that have been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to the Stipulated Protective Order (Dkt. 100) in the underlying litigation, *DivX, LLC v. Netflix, Inc.*, Civil Action No. 2:19-cv-1602-GW (DFMx)

(C.D. Cal.) ("California Litigation"). In making these designations, the producing parties confirmed that the documents contain "extremely sensitive" confidential information, the disclosure of which "would create a substantial risk of serious harm that could not be avoided by less restrictive means." California Litigation, Dkt. 100 at p. 3. Respondents note that this Court granted Netflix's Motion for Leave to File Under Seal exhibits that are referenced and/or substantively discussed in Respondents' Proposed Sealed Exhibits and the Opposition. *See* Dkt. # 9.

As such, Respondents move to file under seal the Proposed Sealed Exhibits and to redact portions of the Opposition which substantively discuss the Proposed Sealed Exhibits, in order to maintain extremely sensitive confidential information of Respondents and DivX, LLC. Respondents' requests are narrowly tailored and are meant to preserve and honor the confidentiality designations made pursuant to the Protective Order in the California Litigation.

Respectfully submitted,

MOORE & VAN ALLEN PLLC

Jacob Z. Zambrzycki

---

Application GRANTED.

The Clerk of Court is directed to maintain under seal docket entry
16 and to terminate the pending motion at docket entry 13.

Dated:     June 13, 2025                SO ORDERED.
           New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE